STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of }
 John Larkin }          Docket No. 159-9-99 Vtec
 }
 }
 }

Decision and Order on Motion to Dismiss or Remand, or for Summary Judgment

Appellant appealed from a August 9, 1999 decision of the then-Zoning Board of Adjustment (ZBA) of the City of South Burlington. Appellant is represented by Carl H. Lisman, Esq.; the City is represented by Amanda S.E. Lafferty, Esq. The City has moved to dismiss or remand, or in the alternative for Summary Judgment.

Appellant filed an application on April 14, 1997 for a zoning permit to build a house at 6 Pinnacle Drive (Lot #49), in Zone A of the City's Dorset Park View Protection zoning district; the application was approved that day by Richard Ward for the City, and was not appealed. A formula in §22.401 of the Zoning Regulations sets a maximum elevation for the top of the building at 417.565 feet above mean sea level. The application form contains standard language that all construction is "to be completed in accordance with the Zoning Laws and Building Regulations of the City of South Burlington." The application shows the frontage of the lot as 105 feet and its depth as 150.42 feet, shows the footprint of the proposed house, and shows the height of the proposed house as 28 feet. At some time before June of 1999, the house was fully constructed.

Any writing in the "remarks" section of the application is illegible on the copy provided to the Court attached to Appellant's memorandum. If we were to reach the summary judgment motion, material facts would be in dispute as to that writing, as to the slope of the lot, and as to whether Appellant had represented on the application or any accompanying materials that the maximum elevation for the house would not exceed 417.565 feet (see Minutes of July 26, 1999 ZBA meeting, page 3, fifth sentence). In addition, material facts would be in dispute as to whether the view protection zoning had

1

been newly adopted, whether there were any tables available for calculating the allowed height or elevation, as to any calculations or other representations made by the City representative who approved the permit, and as to the prior experience of Appellant with the zoning regulations in general and with the elevation requirements of this district in particular (see Minutes of July 26, 1999 ZBA meeting, last paragraph of page 1 and page 2, generally).

As constructed, the elevation of the top of the ridge vent of the house ranges from 419.20 feet above sea level at the east end to 419.21 feet at the west end.  On June 30, 1999, the Zoning Administrator issued a Notice of Violation to Appellant and to Gerald Milot for commencing land development without obtaining a permit, and specifically for constructing a single family dwelling "which exceeds the 417.565 mean sea level elevation maximum."  The Notice of Violation gave them seven days to "reduce the height of this structure" so as not to exceed the maximum elevation, and advised them that they "may appeal this Notice of Violation to the Board of Adjustment by filing a written notice of appeal (see enclosed)" within fifteen days.  In small print in the upper left corner, the form is entitled "Application to Board of Adjustment" and contains the following three alternatives under "type of application," with directions to check one: appeal from decision of Administrative Officer; request for a conditional use; or request for a variance.  The form does not offer "appeal of a Notice of Violation" as an option.  Appellant checked "request for a variance," and stated "see 26" under "provision of zoning ordinance in question."  Under "reason for appeal," Appellant stated: "confusion over interpretation of height [requirements]."  (Emphasis added.)  Appellant filed the form on July 6, 1999, which was within the time allowed for an appeal of the Notice of Violation.

No enforcement action has been filed by the City based on the Notice of Violation.

The warning of the hearing to be held on July 26, 1999, was prepared by the Zoning Administrator and was published in a newspaper at some time on or about July 10, 1999. It stated that Appellant was seeking a "variance" and that Appellant's request is for permission to allow the house to "project 1.645 feet above the maximum elevation."  On July 23, 1999, before the scheduled hearing, Appellant's attorney wrote to the ZBA setting out "the legal basis" of Appellant's claim and stating that "[t]his request is not a request for

a variance in the usual sense. Rather, it is a request that the City honor the terms of the permit, upon which our client and his contractor relied in good faith."

At the hearing, Appellant reiterated that he was not asking for a variance, but instead for the City to "honor the permit." The minutes of the hearing reflect that the ZBA chair addressed twice during the hearing whether the problem was due to an error on the part of the City (Minutes, p. 2, 2nd full paragraph and p.3, 4th full paragraph). The only mention of the variance criteria during the hearing was a ZBA member's statement that "the Zoning Administrator had reviewed the 5 criteria and said that the request should be denied" and the ZBA member's comment that "he had heard nothing to override that." Appellant was given the opportunity to "withdraw and research the issue further," but declined to do so. The ZBA then voted to adopt the Zoning Administrator's findings of fact, which have not been provided to the Court.

The City has moved to dismiss the appeal on the basis that the June 30, 1999 Notice of Violation was never appealed, but that instead Appellant had applied for a variance. The City argues that the variance was denied by the ZBA, yet Appellant has not addressed any of the variance criteria in his statement of questions. In the alternative to dismissal of the appeal, the City asks that this matter be remanded for the now-DRB to consider the appeal from the Notice of Violation, arguing that the Court has no jurisdiction to convert the proceedings to an appeal of the Notice of Violation without the DRB's having had an opportunity to consider and rule on the matter.

The City also asks, in the alternative to either dismissal or remand, that the Court grant summary judgment in its favor that the permit's specification of a 28-foot height did not relieve Appellant of the responsibility of compliance with the elevation requirements of the zoning regulations. As stated above, material facts are in dispute regarding the circumstances of the approval of the application sufficient to deny the motion for summary judgment.

Ambiguities in zoning regulations and procedures are to be construed in favor of the landowner. In re Appeal of Weeks,167 Vt. 551, 555-56 (1998). The following aspects of the appeals procedure are sufficiently ambiguous so that the landowner should be allowed the opportunity to present his appeal of the Notice of Violation. First, the instructions in the

last paragraph of the Notice of Violation, specifically combined with the enclosure of the form, suggest that the filing of the form is sufficient to appeal the Notice of Violation, without regard to which box may be checked on the form. This ambiguity is perhaps inadvertently bolstered by the fact that the form provides a space for "reason for appeal," again not suggesting that the form might be read as an application for a variance (or a conditional use permit) rather than as an appeal. During the hearing, the ZBA did not advise Appellant that the only matter before the ZBA was his variance request and not an appeal of the Notice of Violation, nor did the ZBA refer to Appellant's attorney's letter explaining that it was not a request for a variance "in the usual sense." Further, the ZBA Chair did allude to the issue Appellant wished to raise, that is, whether the City bore any responsibility for the existence of the problem, although that issue was not fully discussed at the hearing. Finally, Appellant was not asked whether he wished to withdraw his request for a variance, and to continue or come back on the appeal issue, but rather was asked, again ambiguously, whether he wished "to withdraw and research the issue further." From the totality of the circumstances, we must conclude that Appellant raised or attempted to raise an appeal from the Notice of Violation by filing the form enclosed with that notice, and that the then-ZBA should have heard it as an appeal from the Notice of Violation or should have re-warned it upon receipt of Appellant's attorney's July 23, 1999 letter.

However, the City is also correct that the then-ZBA did not vote or issue a decision on the issues Appellant sought to raise, but only actually voted on the denial of a variance. This Court should not address a matter on which the municipal body did not issue a decision, even though the ZBA did peripherally discuss the issue.

Accordingly, based on the foregoing, the City's Motion to Dismiss is DENIED and the City's Motion to Remand is GRANTED. The City's Motion for Summary Judgment is DENIED as material facts are in dispute, but without prejudice to filing further such motions after the remand proceedings. The present appeal is hereby remanded to the DRB for it to consider and rule on Appellant's appeal of the Notice of Violation.

After a decision is rendered on that aspect of Appellant's appeal, those issues as well as the variance issues will be ripe for hearing in this Court. Accordingly, unless either party files a further motion for summary judgment, or motion to continue, or requests more

4

than a half-day of hearing time, the merits of the matter as a whole are scheduled to be heard on August 31, 2000, beginning at 1 p.m. Any party appealing the DRB's decision after remand shall file a statement of questions not later than August 7, 2000, to allow the parties to prepare for that hearing. The Court will be prepared to rule orally at that hearing if the parties wish the Court to do so; in which case the parties shall file trial memoranda at the hearing.

Done at Barre, Vermont, this 29th day of May, 2000.


_____
Merideth Wright
Environmental Judge